UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER LYNN KRIEGER, | |
| Petitioner, | |
| v. | Case No. 14-cv-00749 - JPG |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jennifer Lynn Krieger's Motion (Doc. 1) to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, Krieger's motion survives this threshold review and the Court orders the government to file its response.

On January 5, 2006, Jennifer Lynn Krieger was indicted on one count of knowingly and intentionally distributing divers amounts of fentanyl, a schedule II controlled substance, with death resulting from such distribution.  The Government chose to supersede the original indictment on March 5, 2008, removing the "death resulting" language, and charging Krieger simply with knowingly and intentionally distributing fentanyl.  On November 18, 2008, Krieger entered a plea of guilty to the charge of distribution of divers amounts of fentanyl and on February 2, 2009, Krieger was sentenced to imprisonment for 240 months, 3 years supervised release, a special assessment of $100 and a $100 fine.  It is noted that, "death resulting" was a sentencing factor proven by a preponderance of evidence at the sentencing hearing which resulted in a statutory minimum sentence of confinement of 20 years under § 841(b)(1)(C).

Petitioner Krieger appealed the sentence and the United States Court of Appeals for the Seventh Circuit affirmed on December 7, 2010.  On June 30, 2014, the petitioner filed a § 2255 motion based upon two recent Supreme Court Decisions.  The first is *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and the second is *Burrage v. United States*, 134 S.Ct. 881 (2014).  The Court has reviewed the petition and has identified the following claims:

1. Whether Petitioner is entitled to collateral relief under *Alleyne and Burrage;*

2. Whether *Alleyne* and *Barrage* can be applied retroactively to Petitioner's sentence;

3. Whether the finding that Petitioner's distribution of fentanyl to Ms. Curry resulted in Ms. Curry's death by a preponderance of the evidence violated Petitioner's due process right to be sentenced on accurate information and her Sixth Amendment right to trial by jury; and

4. Whether Petitioner was denied due process with regard to a sentencing procedure in which the sentencing court was prevented from exercising its discretion to impose a lesser sentence.

The Court **ORDERS** the Government to file a response to Krieger' petition (Doc. 1) by **November 21, 2014.** The Government shall, as part of its response, attach all relevant portions of the record. Krieger may file a reply brief (no longer than 5 pages) by **December 5, 2014**. If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:**   10/20/2014

                                         s/J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**