UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JENNIFER LYNN KRIEGER,

    Petitioner,

          v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-cv-00749 - JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jennifer Lynn Krieger's Motion (Doc. 1) to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response (Doc. 11) and Petitioner filed a timely Reply (Doc. 13).

I:  **Background**.

On January 5, 2006, Jennifer Lynn Krieger was indicted on one count of knowingly and intentionally distributing divers amounts of fentanyl, a schedule II controlled substance, with death resulting from such distribution. The Government chose to supersede the original indictment on March 5, 2008, removing the "death resulting" language, and charging Ms. Krieger simply with knowingly and intentionally distributing fentanyl. On November 18, 2008, Ms. Krieger entered a plea of guilty to the charge of distribution of divers amounts of fentanyl and on February 2, 2009, she was sentenced to imprisonment for 240 months, 3 years supervised release, a special assessment of $100 and a $100 fine. *United States v. Jennifer Lynn Krieger*, Case No. 06-cr-40001.

Although the "death resulting" was not part of the superseding indictment, it was a sentencing factor proven by a preponderance of evidence at the sentencing hearing which resulted in a statutory minimum sentence of confinement of 20 years under § 841(b)(1)(C).  The Petitioner appealed and the United States Court of Appeals affirmed the Petitioner's conviction and sentence. *United States v. Krieger*, 628 F.2d 857 (7th Cir. 2010).

**II:  Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."  *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).  Having closely examined the record and filings, the Court concludes that an evidentiary hearing is not necessary in this matter.

A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).  Prisoners used to be able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a

sentence. The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

On June 30, 2014, the petitioner filed a § 2255 motion based upon two recent Supreme Court Decisions. The first is *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and the second is *Burrage v. United States*, 134 S.Ct. 881 (2014). Petitioner argues that her § 2255 motion is timely as it was filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court." (Doc. 1-1, page 9). Petitioner states that *Alleyne* and *Burrage* recognize new rights and that the cases should be applied retroactively. (Doc. 1-1. Page 10).

The first case, *Alleyne,* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and held that, "Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, at 2158. The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin,* 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also*, *Curtis v. United States,* 294 F.3d 841 (7th Cir.2002) (*Apprendi* itself is not retroactive).

The United States Supreme Court resolved *Alleyne* on direct rather than collateral review and it did not declare that its new rule applies retroactively on collateral attack. The decision of

whether a case is retroactive is for the Supreme Court and is not ours to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255. *See Dodd v. United States,* 545 U.S. 353 (2005); *Tyler v. Cain,* 533 U.S. 656 (2001).

The second case, *Burrage v. United States*, 134 S.Ct. 881 (2014), also traces back in the line of cases to *Alleyne v. United States,* 133 S.Ct. 2151 (2013), and *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and held that, "Because the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." *Id,* at 887. In reaching its decision on the resulting-death sentence enhancement, the Court in *Burrage* noted that the crime at issue had two elements: (1) knowing or intentional distribution of the controlled substance under § 841(a)(1), and (2) death resulting from the use of the drug under § 841(b)(1)(C). As such, the Court reasoned that *both* elements must be found by a jury beyond a reasonable doubt. *Id.,* at 887.

The Court further held that, "[A]t least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement of provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id*, at 892.

However, as with *Alleyne*, there is nothing to indicate that *Burrage* applies retroactively on collateral review. *Burrage* was also decided on direct and not on collateral review. Because the Supreme Court did not declare that *Burrage* applied retroactively on collateral attack, this Court cannot authorize a successive collateral attack based on § 2255.

At this time, neither *Alleyne* nor *Burrage* apply retroactively. However, Petitioner argues

Page **4** of **8**

that she falls within an exception outlined *Teague v. Lane,* 489 U.S. 288 (1989) which held, "First, a new rule should be applied retroactively if it places 'certain kinds of primary, private individuals conduct beyond the power of the criminal law-making authority to proscribe." Second, a new rule should be applied retroactively if it requires the observance of 'those procedures that …are 'implicit in the concept of ordered liberty.'" *Id*, at 307 (*citations omitted*).

The first exception does not apply in this matter as application of the "death resulting" or "but-for" would not accord constitutional protection to any primary activity. The second exception is explained as:

> "Typically, it should be the case that any conviction free from federal constitutional error at the time it became final, will be found, upon reflection, to have been fundamentally fair and conducted under those procedures essential to the substance of a full hearing. However, in some situations it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the *bedrock procedural elements* that must be found to vitiate the fairness of a particular conviction" and that, "[T]he procedure at issue must implicate the fundamental fairness of the trial." *Teague* at 311, 312 (*emphasis in original*).

Petitioner comes close to meeting the second exception; however, the second exception appears to state that it applies to trials and convictions. This Court could not locate any relevant case law to indicate that the exceptions set out in *Teague* apply to sentencing. Should *Teague* be found to apply to sentencing, then this Court believes that *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Burrage v. United States*, 134 S.Ct 881 (2014) put forth "*bedrock procedural*

*elements*" that would have a bearing on the fairness of the Petitioner's sentence.

Petitioner also argues that, "[C]ollateral relief is available for a person punished for an act that the law does not make criminal."  (Doc. 13)  She cites to *Davis v. United States*, 417 U.S. 333 (1974), which held, "If this contention is well taken, then Davis' conviction and punishment are for an act that the law does not make criminal.  There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents(s) exceptional circumstances'" *Id*, at 347.  It further held, "We suggested that the appropriate inquiry was whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '(i)t . . .   present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  *Id*, at 346 (citing *Hill v. United States*, 368, U.S. 424, 429 (1962)).

Petitioner argues that, "The Supreme Court's holding in *Alleyne* and *Burrage* establish that Ms. Krieger's punishment under the death results provision was for an act that the law does not make criminal."  (Doc. 13, page 2).  However, neither *Alleyne* or *Burrage* held that "death resulting" was no longer an element of a criminal charge.  The Supreme Court in *Alleyne* only held that "death resulting" was element that must be submitted to the jury and found beyond a reasonable doubt.  In *Burrage*, the Court held that under the penalty enhancement of provision of 21 U.S.C. § 841(b)(1)(C), a court must find a "but-for" cause of the death or injury.  As such, Petitioner was not sentence for an act that the law does not make criminal and does not fall within the exception of *Davis*.

Finally, Petitioner argues that her sentence, even if it was "within the limits set by the statue," would still be "constitutionally invalid" since it was based on inaccurate information.

Page **6** of **8**

(Doc. 1-1, page 16).  She further argues that, "Although the sentence was lawful in the sense of being within the limits set in the statute, and although the judges' discretion to impose a lawful sentence is plenary in the absence of irregularities, a sentence predicated on misinformation cannot stand."  (Doc. 1-1, *citing United States v. Kerley*, 838 F.2d 932, 940 (7th Cir. 1988)).

Petitioners argues that, "In light of *Alleyne* and *Burrage*, this Court's error constitutes a fundamental defect that resulted in a complete miscarriage of justice.  Misapplication of the death results provision pursuant to 21 U.S.C. § 841(b)(1)(C) and the death results sentencing enhancement pursuant to 21 U.S.C. § 2D1.1(a)(2) were indisputable errors of law which resulted in the denial of Ms. Krieger's Fifth Amendment Right to Due Process of Law and her Sixth Amendment Right to Jury Trial."  (Doc. 1-1, page 17).

Petitioner's arguments with regard to sentencing error due to inaccurate information is misplaced and insufficient.  She does not provide a single incident of inaccurate factual information that was before the Court *at the time of sentencing*.  She only states that the information before the Court, *now* viewed in light of *Alleyne* and *Burrage*, was erroneous.  These arguments are simply a reformation of her previous arguments pertaining to the application of *Alleyne* and *Burrage w*hich the Court has already addressed.

### III:   Certificate of Appealability

Having denied Petitioner's motion, the Court must grant or deny a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c).  Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  "The Supreme Court has explained that, in this context, a substantial

showing requires ' a demonstration that . . . reasonable jurists could debate whether (or, for that matter, agree that) that petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Narrvaez v. U.S.*, 674 F.3d 621, 626 (7th Cir. 2011).

Petitioner Krieger has made such showing with regard to the denial of her Fifth Amendment Right to Due Process of Law and her Sixth Amendment Right to Jury Trial pertaining to her mandatory minimum sentence of 20 years of incarceration due to "death resulting" and whether the exceptions of *Teague* apply to sentencing in which *Alleyne* and *Burrage* could be applied to Petitioner's § 2255. Therefore, the Court grants a certificate of appealability.

**IV: Conclusion**

As neither *Alleyne* nor *Burrage* apply retroactively, Petitioner's § 2255 Motion is untimely. Accordingly, this Court **DENIES** Petitioner Jennifer Lynn Krieger's § 2255 Motion (Doc. 1) and **DISMISSES** this action. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly. Further, the Court **GRANTS** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 6/10/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**